IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TASHI CLAY, | No. 4:21-CV-01415 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| LYCOMING COUNTY PRISON, *et al.*, | |
| Defendants. | |

**MEMORANDUM OPINION**

**OCTOBER 5, 2021**

## I.    BACKGROUND

Tashi Clay, an inmate confined in the Lycoming County Prison, Williamsport, Pennsylvania, filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.[1] The named Defendants are the Lycoming County Prison and Correctional Officer Emrick.[2] Plaintiff complains that in March 2021, Defendant Emrick interfered with his religious practice.[3] Along with the filing of the complaint, Plaintiff filed an application to proceed *in forma pauperis*.[4] Plaintiff's application to proceed *in forma pauperis* will be granted based on the information contained therein and the Clerk will be ordered to file the complaint.

---

[1]    Doc. 1.
[2]    *Id*.
[3]    *Id*.
[4]    Doc. 2.

At this juncture, this Court must screen the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted or because it seeks monetary relief from a defendant who is immune from suit. For the reasons set forth below, the complaint will be dismissed with leave for Plaintiff to file an amended complaint.

## II. FACTUAL ALLEGATIONS

The allegations of the complaint will be construed as true for purposes of this screening. Plaintiff's complaint states in toto:

> C.O. Emrick came around for count. When he arrived at my gate he yelled into my face while I was praying. My religion is Islam and there are different "phases/step" during Islamic prayer. C.O. Emrick seen me praying and still choose to yell in my face and say "Why are you praying during count." I didn't break policy or break a rule in handbook. C.O. Emrick yelled "Stop praying now."[5]

Plaintiff filed the instant action claiming, "intentional infliction of emotional distress" and seeking a directive "for Lycoming County Prison to respect and not violate [Plaintiff's] First Amendment right of the U.S. Constitution."[6] No other relief is requested.

---

[5] Doc. 1 at 4.
[6] *Id*.

### III.   STANDARD OF REVIEW

Per the Prison Litigation Reform Act, Pub.L. No. 104–134, §§ 801–810, 110 Stat. 1321–66 to 1321–77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*,[7] seeks redress against a governmental employee or entity,[8] or brings a claim with respect to prison conditions.[9]  The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do'."[10]  To survive *sua sponte* screening for failure to state a claim,[11] the complaint must allege "sufficient factual matter" to show that the claim

---

[7]  s*ee* 28 U.S.C. § 1915(e)(2)(B).
[8]  *See* 28 U.S.C. § 1915A(b).
[9]  *See* 42 U.S.C. § 1997e.
[10]  556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).
[11]  "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir.2012) (*per curiam*) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir.2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir.2012) (per curiam) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir.2008) (discussing 28 U.S.C. § 1915A(b)).

is facially plausible.[12] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[13] Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim."[14]

## IV. DISCUSSION

### A. Lycoming County Prison as a Defendant

Plaintiff's complaint seeks to assert liability against Defendants pursuant to 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States.[15]

Moreover, it is well-settled that neither a state nor its agencies, are considered a "person" as that term is defined under § 1983 and, therefore, are not

---

[12] *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir.2009) (citation omitted).
[13] *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n. 17 (3d Cir.2012) (quoting *Iqbal*, 556 U.S. at 678).
[14] *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir.2013) (citation omitted).
[15] *West v. Atkins*, 487 U.S. 42, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 330–331, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986).

subject to a § 1983 suit.[16]  Similarly, neither a prison nor a department within a prison is a person subject to suit under § 1983.[17]  The Lycoming County Prison is not a person within the meaning of 42 U.S.C. § 1983.[18]  Thus, the Lycoming County Prison is entitled to dismissal.

### B.     Free Exercise of Religion

The First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof …"[19]  The Free Exercise Clause of the First Amendment prohibits prison officials from denying an inmate "a reasonable opportunity of pursuing his faith."[20]  It is well-established that "[o]nly beliefs which are both sincerely held and religious in nature are protected under the First Amendment."[21]

The Court understands Clay's claim to be that CO Emrick's comments regarding his praying during count is actionable under the Free Exercise Clause.  Clay is mistaken.

---

[16] *Hafer v. Melo*, 502 U.S. 21, 25-27 (1991).
[17] *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973).
[18] *See Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 (1989) (holding that a state may not be sued in federal court pursuant to § 1983 and is not a "person" for purposes of that provision).
[19] U.S. Const. amend. I.
[20] *See Cruz v. Beto*, 405 U.S. 319, 322 n. 2 (1972).
[21] *Sutton v. Rasheed,* 323 F.3d 236, 250–51 (3d Cir. 2003) (citations and internal quotation marks omitted).

The First Amendment does not shield prisoners from insults or offensive statements. Verbal comments alone do not rise to the level of a constitutional claim in the prison context.[22]  Moreover, a single incident of verbal harassment by a corrections officer regarding an inmate's religion, without more, fails to state a First Amendment claim.[23]

Here, Clay does not suggest that the comment regarding his praying occurred on more than one occasion. Although the Court certainly finds such conduct rinappropriate, Plaintiff's allegations are not sufficient to show that Defendant Emrick's single comment regarding Plaintiff praying during count restricted or interfered with Plaintiff's right to free exercise of religion. Therefore, Clay's First Amendment Free Exercise Claim will be dismissed without prejudice.

### C.   Verbal Harassment

To the extent that Plaintiff's complaint alleges that Defendant Emrick's verbal harassment violated his Eighth Amendment right to be free from cruel and unusual punishment, it is well-settled, however, that the use of words, no matter

---

[22] *See Begnoche v. DeRose,* 676 F. App'x 117, 121 (3d Cir. 2017) (verbal abuse does not give rise to a constitutional claim under § 1983).

[23] *See Cameron v. Gurnoe*, Case No. 2:19-cv-71, 2019 WL 2281333, at *6 (W.D. Mich. May 29, 2019) (citing cases); *Munic v. Langan*, Civil No. 4:CV-13-2245, 2015 WL 5530274, at *4 (M.D. Pa. Sept. 18, 2015) (verbal harassment over religious beliefs does not give rise to a constitutional violation); *Thompson v. Ireland,* C.A. No. 13-150 Erie, 2014 WL 4187088, at *5 (W.D. Pa. Aug. 21, 2014) (verbal harassment based on inmate's religion is insufficient to show defendants restricted or interfered with plaintiff's free exercise of religion).

how violent, is not actionable under 42 U.S.C. § 1983.[24] Thus, Plaintiff's claim against Defendant Emrick does not rise to the level of a constitutional violation and will be dismissed.

## V. CONCLUSION

For the foregoing reasons, this Court will grant Plaintiff's motion for leave to proceed *in forma pauperis* but dismiss his complaint against Defendants Lycoming County Prison and CO Emrick, without prejudice, for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A. Leave to amend is granted.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[24] *See Gannaway v. Berks County Prison,* 439 Fed.Appx. 86 (3d Cir.2011) (a claim of verbal harassment does not constitute an Eighth Amendment violation); *Wright v. O'Hara,* 2004 WL 1793018 at *7 (E.D.Pa. Aug.11, 2004) ("[w]here plaintiff has not been physically assaulted, defendant's words and gestures alone are not of constitutional merit") (citations omitted); *MacLean v. Secor,* 876 F.Supp. 695, 698–99 (E.D.Pa.1995) ("[i]t is well-established that verbal harassment or threats ... will not, without some reinforcing act accompanying them, state a constitutional claim"); *Murray v. Woodburn,* 809, F.Supp. 383, 384 (E. D.Pa.1993) ("Mean harassment ... is insufficient to state a constitutional deprivation") (listing cases).