IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TASHI CLAY,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>LYCOMING COUNTY PRISON, *et al.*,<br><br>　　　Defendants. | No. 4:21-CV-1415<br><br>(Chief Judge Brann) |

### MEMORANDUM OPINION

NOVEMBER 10, 2021

## I.　BACKGROUND

Tashi Clay, an inmate confined in the Lycoming County Prison, Williamsport, Pennsylvania, filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.[1] The named Defendants are the Lycoming County Prison and Correctional Officer Emrick.[2] Plaintiff complains that in March, 2021, Defendant Emrick interfered with his religious practice.[3] Along with the filing of the complaint, Plaintiff filed an application to proceed *in forma pauperis*.[4]

By Memorandum Opinion dated October 5, 2021, the Court conducted an initial screening of Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)

---

[1]　Doc. 1.
[2]　*Id*.
[3]　*Id*.
[4]　Doc. 2.

and 1915A and dismissed the complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[5] Specifically, the Court found that the Lycoming County Prison was not a person within the meaning of 42 U.S.C. § 1983 and that Plaintiff's First Amendment and verbal harassment claims did not rise to the level of a constitutional violation.[6] Based upon these deficiencies, Clay was directed to file an amended complaint within thirty (30) days.[7] Finally, the Order forewarned Plaintiff that failure to submit an amended complaint or otherwise respond to the Order within the relevant time period would result in dismissal of his action for failure to prosecute.[8]

## II.   DISCUSSION

A review of the docket shows that since the October 5, 2021 Memorandum and Order, Clay has not made any filings with the Court. Nor has Plaintiff requested additional time in which to file an amended complaint. Clay has also not sought reconsideration of the October 5, 2021 Memorandum and Order.

If a plaintiff fails to prosecute or comply with a court order, the court may dismiss the action.[9] In a similar case, the United States Court of Appeals for the

---

[5] Doc. 7.
[6] *Id*.
[7] Doc. 8.
[8] *Id*.
[9] *See Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 868 (3d Cir.1984); *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir.1991) (failure of a plaintiff to comply with a court's specific direction to comply with a local rule which required the filing of an opposing brief,

Third Circuit recognized that a district court "has the authority to dismiss a suit *sua sponte* for failure to prosecute by virtue of its inherent powers and Federal Rule of Civil Procedure 41(b)" when a litigant fails to comply with a court order directing him to file an amended complaint.[10]

    The Third Circuit in *Poulis* set forth six (6) factors which must be considered in determining whether to dismiss an action with prejudice for failure to prosecute: (1) extent of the party's personal involvement; (2) prejudice to the opposing party by the dilatoriness; (3) whether a history of dilatoriness existed; (4) whether the dilatoriness was willful and in bad faith; (5) possible effectiveness of alternative sanctions; and (6) the merit of the claim or defense. *See Adams v. Trustees, NJ Brewery Trust Fund*, 29 F.3d 863 (3d Cir.1994).

Adequate grounds have been established for the extreme sanction of dismissal.[11] It is initially noted that even under the most generous treatment given to Plaintiff's Original Complaint, the factual averments contained within the complaint failed to state a meritorious claim. Thus, the Original Complaint could

---

    warranted the treatment of a motion to dismiss as being unopposed and subject to dismissal without a merits analysis).
[10]  *See Azubuko v. Bell National Organization*, 243 Fed. Appx. 728, 729 (3d Cir.2007).
[11]  Although *Azubuko*, 243 Fed. Appx. at 729, recognizes a "balancing under Poulis is unnecessary" in cases such as the present matter where a litigant's conduct makes adjudication of the case impossible, other Third Circuit decisions indicate that the Poulis analysis should be undertaken. *See Hernandez v. Palakovich*, 293 Fed. Appx. 890, 894 (3d Cir.2008) (*Poulis* factors must be considered before dismissing a case as a sanction for failure to follow a court order).

not be allowed to proceed. Furthermore, although Clay has been granted a reasonable period of time, he has failed to make any attempt to submit an amended complaint as directed. Accordingly, a finding of dilatoriness and willful conduct is warranted. Second, other sanctions are not a viable alternative because this matter simply cannot proceed without the filing of an adequate amended complaint.

### III.  CONCLUSION

Based upon the present circumstances, dismissal of this action without prejudice for failure to prosecute is warranted under the standards announced in *Azubuko* and *Poulis*.

An appropriate Order will enter.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge